RITCHIE v MICHIGAN CONSOLIDATED GAS COMPANY (AFTER REMAND)

Docket No. 92057. Submitted January 17, 1989, at Lansing. Decided April 4, 1989.

Mary Ritchie, an employee of Michigan Consolidated Gas Company for more than eighteen years, was fired in 1983. The reasons for her discharge were alleged dishonesty and falsification of company records. Ritchie filed suit against Michigan Consolidated in Washtenaw Circuit Court alleging, inter alia, wrongful discharge. Following a jury trial, the court entered a judgment in favor of plaintiff in the amount of $560,000 plus interest. The jury determined that plaintiff had an implied contract which prohibited her discharge except for just cause. Defendant moved for judgment notwithstanding the verdict, a new trial, and relief from judgment. All motions were denied, Edward D. Deake, J. Defendant appealed.

The Court of Appeals affirmed the judgment but remanded for a decision on the issue of remittitur. 163 Mich App 358 (1987). On remand, the court heard extensive evidence and granted remittitur because it felt that the jury verdict was too high.

After remand, *held:*

The jury's verdict was within the range of the evidence presented. The court clearly erred in substituting its judgment on damages for the jury's in granting remittitur.

Reversed.

APPEAL — REMITTITUR.

A trial court clearly errs in ordering remittitur where the verdict is within the range of evidence presented.

*Kurt Berggren,* for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Allyn D. Kantor* and *Kay Holsinger*), for defendant.

REFERENCES

Am Jur 2d, Damages §§ 1017-1028.

Before: Cynar, P.J., and Shepherd and B. A. Jasper,* JJ.

Per Curiam. This case was previously decided on September 22, 1987, 163 Mich App 358; 413 NW2d 796 (1987). In our opinion, we noted that the trial court in its opinion and order of April 10, 1986, found that front pay was permissible. Further, we noted that the trial court denied defendant's motion for judgment notwithstanding the verdict, a new trial, and relief from judgment. However, since the trial court had made no finding and did not render a decision on defendant's remittitur request, we remanded on the remittitur issue. This Court additionally indicated that the trial court could, on remand, request further argument or support by the parties on the remittitur issue if, in its discretion, such was required.

Following remand, the trial court held evidentiary hearings on June 17, 1988, and July 21, 1988. Plaintiff objected to the trial court's receiving any additional evidence. Plaintiff claimed that the trial court's finding should be made solely on the trial transcript. Defendant argued to present additional evidence. The trial court heard extensive testimony.

This case was resubmitted to this Court following remand on January 17, 1989.

The trial court after the hearings on remand found that reinstatement was not a feasible remedy, that further employment at that time was bleak and that there was a period of twenty-five years to mandatory retirement. On December 16, 1988, the date of its decision, the trial court did

* Circuit judge, sitting on the Court of Appeals by assignment.

not see any employment other than minimal service employment. The aforesaid findings were within the range of the testimony.

However, the trial court reduced the jury verdict by $100,000. The reason for the remittitur, as stated by the trial court, was "the Court does feel that the front pay award is a little high, and that Mrs. Ritchie will be employable at comparable pay if she intensified her efforts." Aside from the findings which were within the range of the testimony, it appears, at best, that the trial court was substituting itself for the jury by concluding that the front pay award was a little high and comparable pay would be attained by intensified effort.

In this case, as in *Guzowski v Detroit Racing Ass'n, Inc,* 130 Mich App 322, 335-336; 343 NW2d 536 (1983), the jury's verdict was within the range of the evidence presented. In this case, we find that the trial court clearly erred in substituting its judgment on damages for the jury's by granting the $100,000 remittitur.

We reverse the $100,000 remittitur granted and reinstate the original jury award of $560,000.